FILED
NOV 21 2007
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LEVERN A. FLOODY, | ) | CIV. 06-4231-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JENNIFER WAGNER, Cultural Activities Coordinator, South Dakota State Penitentiary, in her individual and official capacity; L. PERSON, in his individual and official capacity; DOUGLAS WEBER, Warden, South Dakota State Penitentiary, in his individual and official capacity; TIM REISCH, Secretary of the Department of Corrections, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

Plaintiff Levern A. Floody brings this action under 42 U.S.C. § 1983, alleging, *inter alia*, a violation of his First and Fourteenth Amendment rights.

## BACKGROUND

Plaintiff is an inmate at the South Dakota Penitentiary who describes himself as "a candidate for conversion to Judaism." Floody Affidavit (Docket #42-2) at 1. For approximately two years, plaintiff had been prescribed a heart healthy diet due to his high blood pressure and diabetes. However, in August of 2006, plaintiff requested to be placed on a kosher diet pursuant to South Dakota Department of Corrections Policy 1.5.F.2. After

signing a refusal of medical treatment form, plaintiff's request to be placed on a kosher diet was approved.

On September 20, 2006, defendant Jennifer Wagner (Wagner) issued a disciplinary report alleging that plaintiff violated the religious diet policy by purchasing a non-kosher commissary item. Defendant L. Person (Person), plaintiff's unit coordinator, is in charge of informally resolving inmate grievances and holding hearings for minor disciplinary reports. On September 22, 2006, Person reviewed the report and held a hearing, wherein plaintiff was found to be in violation of the religious diet policy. As punishment, plaintiff was removed from his kosher diet for a period of 30 days.[1]

On October 4, 2006, plaintiff filed an informal resolution request, claiming he was denied due process, asserting violations of his First and Fourteenth Amendment rights, and seeking the reinstatement of his kosher diet. Plaintiff's request was denied the following day. Maintaining the same arguments, plaintiff submitted a request for administrative remedy on October 6, 2006. On October 11, 2006, plaintiff authored a letter to defendant Tim Reisch (Reisch), Secretary of the Department of Corrections, reasserting his claims. Reisch responded on October 19, advising plaintiff to utilize the administrative remedy process. On October 25, 2006, defendant Douglas Weber (Weber) denied plaintiff's administrative remedy request, responding that plaintiff was in violation of prison policy 1.5.F.2 when he ordered or purchased non-kosher commissary items.

---

[1] Subsequently, plaintiff was cited for further violations of the religious diet policy, which resulted first in a one dollar fine and then in the removal from the kosher diet for a period of 60 days.

With regard to a separate claim, plaintiff filed an informal resolution request on September 30, 2006, contending that the penitentiary's staff members have initiated "a campaign of harassment and retaliation against Jewish inmates" by segregating them from other inmates in the dining hall and denying them kosher meals. On October 4, plaintiff's request was denied. He was informed that the prison diet policy was being enforced as it was written and that it applied to all religious diets. On the same day, plaintiff submitted a request for administrative remedy, contesting the constitutionality of the prison's policy and its application to Jewish prisoners. On October 23, 2006, Weber denied plaintiff's administrative remedy request. Weber stated that "[a]ll special diets are let out at the same time and placed in the same area of the dining hall for the purpose of ease and efficiency in serving all inmates." Weber then dismissed plaintiff's claims of segregation and retaliation as "unfounded."

Pursuant to 42 U.S.C. § 1983, plaintiff filed the present complaint on November 8, 2006, seeking declaratory relief, injunctive relief, and damages. In an order dated December 26, 2006, this Court granted plaintiff's motion to proceed *in forma pauperis*. On March 26, 2007, defendants moved for summary judgment based on qualified immunity.

## STANDARD OF REVIEW

Defendants contend that they are immune from suit based on the doctrine of qualified immunity. The United States Supreme Court has held that "[a] court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the

officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (citing Siegert v. Gilley, 500 U.S. 226, 232, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)). "[T]he next, sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. "In order for a person to have a clearly established right, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Maher v. Harper, 12 F.3d 783, 785 (8th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987)). Furthermore, the United States Supreme Court has held that the courts must not frame the right too generally. Maher, 12 F.3d at 785. "Specifically, in making a free exercise claim under 42 U.S.C. § 1983, the inmate must establish both the existence of a sincerely held religious belief and the infringement upon that belief by the challenged act or regulation." Hayes v. Long, 72 F.3d 70, 73 (8th Cir. 1996) (citing Iron Eyes v. Henry, 907 F.2d 810 (8th Cir. 1990); Hill v. Blackwell, 774 F.2d 338, 342-43 (8th Cir. 1985)).

The Eighth Circuit has distilled these requirements into a three-part test. "[T]o withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated plaintiff's clearly established right." Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996) (citations omitted). This test "focuses on the objective legal reasonableness of an official's acts."

4

Slone v. Herman, 983 F.2d 107, 109 (8th Cir. 1993) (citations omitted). "The immunity defense should fail if the official violates a clearly established right because 'a reasonably competent public official should know the law governing his conduct.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S. Ct. 2727, 2739, 73 L. Ed. 2d 396 (1982)).

## DISCUSSION

### A. Declaratory and Injunctive Relief

Plaintiff seeks a declaratory judgment that his First and Fourteenth Amendment rights were violated. He also seeks an injunction ordering Reisch to repeal the South Dakota Department of Corrections religious diet policy, 1.5.F.2. As of February 14, 2007, the religious diet policy was revised. Under the new policy, an inmate who violates the rules, policies, or procedures governing religious diets is still subject to disciplinary sanctions, but can no longer be removed from his diet. Thus, the central element of plaintiff's complaint – removal from his kosher diet – is no longer an available sanction under the religious diet policy.

The Eight Circuit Court of Appeals has instructed that "an inmate's claims for declaratory and injunctive relief to improve prison conditions [are] moot when [the inmate] ... [is] no longer subject to those conditions." Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999). It is undisputed that plaintiff is currently on a kosher diet, from which he cannot be removed under the terms of the current religious diet policy. In other words, plaintiff is no longer subject to the conditions he seeks to change through his request for declaratory and

injunctive relief. Accordingly, plaintiff's claims for declaratory and injunctive relief are moot and shall be dismissed.

**B. Parties**

*Respondeat superior* does not apply in suits alleging a violation of 42 U.S.C. § 1983. Williams v. Kelso, 201 F.3d 1060, 1066 (8th Cir. 2000). To be amenable to suit, a section 1983 plaintiff must demonstrate that each defendant had sufficient personal involvement in the offending conduct. Id. at 1067. Supervisors may be held liable, however, "when their corrective inaction amounts to 'deliberate indifference' to or 'tacit authorization' of the violative practices." Howard v. Adkinson, 887 F.2d 134, 137 (8th Cir. 1989). Similarly, "[a] prison warden can be held liable for policy decisions which create unconstitutional conditions." Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).

In the present case, defendants Wagner and Person are amenable to suit due to their personal involvement in the actions that form the basis of plaintiff's complaint. Wagner issued the disciplinary report that resulted in the suspension of plaintiff's kosher diet, and Person presided over the hearing wherein plaintiff was found to have violated the religious diet policy.

Defendants Weber and Reisch are also amenable to suit, either because of their personal involvement in the actions plaintiff complains of or through their tacit authorization of those actions. The policy that allowed for the suspension of religious diets was authorized by Reisch, as Secretary of the Department of Corrections, and implemented by Weber, as Warden of the South Dakota State Penitentiary. Although both Weber and

Reisch are in supervisory positions, it is fair to say that the suspension of plaintiff's kosher diet would not have occurred but for their involvement. Indeed, plaintiff informed Weber, in the form of a Request for Administrative Remedy dated October 6, 2006, of his belief that the suspension of his kosher diet was a violation of his constitutional rights. Docket #1-6. In this request, plaintiff sought the reinstatement of his kosher diet. Weber responded by denying plaintiff's request, indicating that plaintiff was in violation of the religious diet policy. Docket #1-7. Plaintiff also authored a letter to Reisch, explicitly stating his belief that the religious diet policy was unconstitutional. Docket #1-12. Reisch responded by suggesting that plaintiff appeal the issue to Weber.

The fact that both Weber and Reisch were aware of plaintiff's challenge to the constitutionality of the religious diet policy supports their inclusion as proper defendants in this case. Actual knowledge of constitutional violations is a factor to be considered when imposing supervisory liability. See Howard, 887 F.2d at 138. Furthermore, supervisory liability based on tacit authorization requires notice of the challenged practices. Id. It is undisputed that both Weber and Reisch were given notice of plaintiff's challenge to the constitutionality of the religious diet policy. Consequently, either through personal involvement or by way of tacit authorization, both Weber and Reisch are proper defendants in this case.

However, it is settled law that section 1983 claims cannot be brought against the state or against state actors in their official capacity. Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999). This leaves plaintiff's claims against the defendants in their

7

individual capacities as the only cognizable section 1983 claims. Plaintiff's claims against the defendants in their official capacities are dismissed.

C.  **Claims**

In essence, plaintiff's suit is based on the claim that the suspension of his kosher diet was an unconstitutional violation of his First and Fourteenth Amendment rights. As previously stated, in order to avoid a grant of summary judgment on qualified immunity grounds, a plaintiff must "(1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated plaintiff's clearly established right." Habiger, 80 F.3d at 295 (citations omitted). The Eighth Circuit has recognized the "well settled" rule that "jail and prison inmates 'have the right to be provided with food . . . that satisfies the dietary laws of their religion.'" Kind v. Frank, 329 F.3d 979, 981 (8th Cir. 2003) (citations omitted). Kind, standing alone, satisfies plaintiff's burden to assert a 1) constitutional right that is 2) clearly established. See also Hayes v. Long, 72 F.3d 70, 73 (8th Cir. 1995) (indicating that the Eighth Circuit "has taken a broad view" of what constitutes a 'clearly established law,' and providing that "binding precedent," such as Kind, definitively answers the question). All that plaintiff must do to avoid summary judgment is raise a genuine issue of fact as to whether the officials would have known that their conduct violated plaintiff's clearly established right. Plaintiff has done this throughout the course of his complaint. This question is also resolved by the Slone case, which instructs that "[t]he immunity defense should fail if the official violates a

clearly established right because 'a reasonably competent public official should know the law governing his conduct.'" 983 F.2d at 109 (citations omitted).

Plaintiff must also establish that his religious beliefs are sincere. Hayes, 72 F.3d at 73 ("[I]n making a free exercise claim under 42 U.S.C. § 1983, the inmate must establish both the existence of a sincerely held religious belief and the infringement upon that belief by the challenged act or regulation."). Defendants question the sincerity of plaintiff's religious beliefs on the basis that several of his violations of the religious diet policy resulted from the purchase or consumption of non-kosher food items.

Throughout his complaint and brief in opposition to the motion for summary judgment, plaintiff indicates that his religious beliefs are sincerely held. When ruling on a motion for summary judgment, the Court must view the facts in a light most favorable to the non-moving party. This compels the Court to take plaintiff at his word that his religious beliefs are sincere. Moreover, plaintiff's decision to eat non-kosher food items does not reflect on the sincerity of his religious beliefs. It reflects on his level of devotion, which is an issue beyond the Court's inquiry.

The defendants have not challenged the sincerity of plaintiff's religious beliefs in a manner sufficient to justify summary judgment. At the very least, a question of fact remains concerning the sincerity of plaintiff's religious beliefs. Plaintiff has sustained the burden required to withstand defendants' motion for summary judgment based on qualified immunity. Accordingly, it is hereby

9

ORDERED that plaintiff's claims for declaratory and injunctive relief are dismissed as moot.

IT IS FURTHER ORDERED that defendants are not subject to suit in their official capacities, but rather may be sued only in their individual capacities.

IT IS FURTHER ORDERED that defendants' motion for summary judgment based on qualified immunity (Docket #26) is denied.

Dated this 21nd day of November, 2007.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE